UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>BRENDA BARRON,<br><br>        Defendant/Petitioner. | Case No. 2:10-cv-00580-EJL<br>             2:09-cr-00263-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is a Petition (Dkt. 1) to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, by Defendant/Petitioner Brenda Barron. The motion is fully briefed and at issue. The government opposes and has moved to dismiss Barron's Petition. (Gov't Resp. & Mot., Dkt. 5). Also pending is Defendant's request for transcripts of proceedings. (Mot., Dkt. 67 in criminal case). Being familiar with the record and having considered the briefing, the Court will deny Barron's Petition under § 2255, grant the government's Motion to Dismiss, and grant in part and deny in part Barron's Motion for transcripts, as follows.

## BACKGROUND

Defendant Barron was indicted, with two other defendants, with conspiracy to possess with intent to distribute methamphetamine. (Indictment, Dkt. 1 in criminal

**MEMORANDUM DECISION AND ORDER -**

case).[1]  The government subsequently filed an Amended Information to establish a prior conviction, increasing Barron's sentencing exposure to a statutory mandatory minimum of not less than 20 years in custody, and at least 10 years of supervised release.  (Am. Information, Dkt. 45).  Shortly thereafter, Barron pleaded guilty to the Amended Information.  (Plea Agreement, Dkt. 49).

Prior to Barron's sentencing, the United States filed a Motion for Downward Departure (Dkt. 63) of three levels from the applicable guideline range, establishing an advisory guideline sentencing range of 151 to 188 months in prison. The United States requested a sentence of 168 months.  On May 10, 2010, the Court sentenced Barron to 151 months in custody followed by ten years of supervised release, a $100 special assessment, and 100 hours of community service.  (Judgment, Dkt. 66).  Shortly after sentencing, Barron requested copies of transcripts and minutes from Court hearings. (Mot., Dkt. 67 in criminal case).  Barron did not appeal to the Ninth Circuit.

On November 19, 2010, Barron filed a motion under 28 U.S.C. § 2255, now before the Court.  (Mot., Dkt. 1 in civil case).  In her motion, Barron asserts ineffective assistance of counsel due to her counsel's failure to investigate, inquire, or object to the following issues:  (1) delay between arrest and arraignment; (2) coercion; (3) defect in Information, regarding prior felony conviction; (4)  the Court's failure to conduct a hearing regarding her prior conviction; (5) that the methamphetamine was never tested; (6) that the Indictment was defective; (7) that the Assistant United States Attorney

---

[1] Throughout the Background section only, references to the Court Docket shall refer to entries in petitioner's criminal case, No. 2:09-cr-00263-EJL, unless otherwise identified.

**MEMORANDUM DECISION AND ORDER -**

"distorted and altered" the Indictment; and (8) that the Plea Agreement was unconstitutional.

## LEGAL STANDARD

A prisoner asserting the right to be released "may move the court which imposed the sentence to vacate, set aside or correct the sentence" under 28 U.S.C. § 2255(a). Section 2255 provides four grounds that justify relief for a federal prisoner who challenges the fact or length of his detention: (1) whether "the sentence was imposed in violation of the constitution or laws of the United States;" (2) whether the court was without jurisdiction to impose such sentence; (3) whether the sentence was "in excess of the maximum authorized by law;" or (4) whether the sentence is "otherwise subject to collateral attack." *See Hill v. United States*, 368 U.S. 424, 428 (1962). Despite this seemingly broad language, "the range of claims which may be raised in a § 2255 motion is narrow." *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981).

The Court recognizes that a response from the government and a prompt hearing are required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . .." 28 U.S.C. § 2255(b). Further, a hearing must be granted unless the movant's allegations, "when viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984), *cert. denied*, 470 U.S. 1058 (1985) (citations omitted); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985). A district court may summarily dismiss a § 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and

the prior proceedings in the case that the movant is not entitled to relief . . ..." Rule 4(b), Rules Governing § 2255 Proceedings in the United States District Court.  Thus, in order to withstand summary dismissal of his motion for relief under § 2255, the defendant "must make specific factual allegations which, if true, would entitle him to relief on his claim." *United States v. Keller*, 902 F.2d 1391, 1395 (9th Cir. 1990).

Section 2255 is not a substitute for appeal.  *Addonizio*, 442 U.S. at 184.  "Errors of law which might require reversal of a conviction or sentence on appeal do not necessarily provide a basis for relief under § 2255."  *United States v. Wilcox*, 640 F.2d 970, 973 (9th Cir. 1981).  Where a defendant fails to raise claims on direct review, those claims are procedurally defaulted unless he can demonstrate cause for and prejudice from the procedural default, or actual innocence.  *United States v. Ratigan*, 351 F.3d 957, 962 (2003)(citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).  However, when a particular issue "has been decided adversely on appeal from a conviction, it cannot be litigated again on a 2255 motion."  *Odom v. United States*, 455 F.2d 159, 160 (9th Cir. 1972)(citations omitted).

## ANALYSIS

Where a petitioner's allegations, "viewed against the record, fail to state a claim for relief," *United States v. McMullen*, 98 F.3d 1155 (9th Cir. 1996)(citations omitted), or where summary dismissal is warranted, the Court may deny an evidentiary hearing. *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985)(citation omitted).  In a § 2255 motion, conclusory statements, without more, are insufficient to require a hearing.  *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).  As more fully expressed below, the

Court finds that Barron has failed to raise allegations sufficient to warrant a hearing on issues before it.  The Court will therefore consider Barron's motion based upon the record and pleadings before it.

1.     **Waiver of Right to Petition Under § 2255**

The government moves to dismiss Barron's petition, arguing that, under the terms of Barron's plea agreement, her petition is waived.  In the plea agreement, Barron retained the right to file one petition under § 2255, but only if she believes she "received ineffective assistance of counsel based solely on information not known to [Barron] at the time the [Court] imposed the sentence and which, in the exercise of reasonable diligence, could not have been known by the defendant at that time."  (Plea Agreement, Dkt. 49 in criminal case at 11-12).

"[P]ublic policy strongly supports plea agreements," including those waiving the right to appeal.  *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990).  "[P]erhaps the most important benefit of plea bargaining[ ] is the finality that results." *Id.* at 322.  However, "waiver of the right to appeal would not prevent an appeal where the sentence imposed is not in accordance with the negotiated agreement." *Id.* at 321.  Also, the Ninth Circuit has held that "a plea agreement that waives the right to file a federal habeas petition . . . is unenforceable with respect to an [ineffective assistance of counsel] claim that challenges the voluntariness of the waiver." *Washington v. Lampert*, 422 F.3d 864, 870 (9th Cir. 1005)(quoting *United States v. Jeronimo*, 398 F.3d 1149, 1156 n. 4 (9th Cir. 2005)).  This is consistent with holdings in other circuits. *Lampert*, 422 F.2d at 870-

**MEMORANDUM DECISION AND ORDER -**

71(citations omitted); *see e.g. Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999).

To the extent that Barron's ineffective assistance of counsel arguments challenge the voluntariness, and thus the enforceability, of her plea agreement and waiver, the Court will consider the § 2255 petition.  For those claims unrelated to the voluntariness or enforceability of her plea agreement and waiver, the Court will grant the government's motion to dismiss.  Accordingly, the Court will reject and dismiss the following arguments of ineffective assistance of counsel, raised in Barron's motion:  (1) delay between arrest and arraignment; (2) alleged defect in Information, regarding prior felony conviction (Barron alleges that the date of prior conviction is not listed, and uncorroborated by certified court records); (3)  the Court's failure to conduct a hearing regarding her prior conviction; (4) that the methamphetamine was never tested; (5) that allegations in the Indictment are "in total conflict" with the government's evidence, rendering the Indictment defective; and (6) that the Assistant United States Attorney "distorted and altered" the Indictment.

These six allegations do not reflect or imply that Barron's plea was involuntary.  Rather, they are challenges that Barron waived in pleading guilty to the charges for which she was indicted.  Because these arguments do not call into question the voluntariness or enforceability of her decision to plead guilty, they will be dismissed.  Remaining for consideration are two arguments:  (1) that Barron's conviction was obtained by coercion, due to ineffective assistance of counsel, and (2) that, due to ineffective assistance of counsel, Barron's plea agreement was unconstitutional.

**MEMORANDUM DECISION AND ORDER -**

**2.     Procedural Default of Claim That Plea Was Involuntary**

Although claims of ineffective assistance of counsel may be raised under § 2255, the Supreme Court has said that collateral attack through "[h]abeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" *Reed v. Farley*, 512 U.S. 339, 354, (1994) (quoting *Sunal v. Large*, 332 U.S. 174, 178, (1947)). "[T]he concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." *United States v. Timmreck*, 441 U.S. 780, 784 (1979). As noted above, where a defendant fails to raise claims on direct review, those claims are procedurally defaulted unless the defendant can demonstrate cause for and prejudice from the procedural default, or actual innocence. *Ratigan*, 351 F.3d at 962 (citing *Bousley*, 523 U.S. at 622).

Barron did not file a direct appeal after her sentencing. Barron makes no attempt to assert cause or prejudice, or actual innocence. To the extent, if at all, that Barron attempts to challenge the voluntariness of her plea, other than through a challenge to her counsel's effectiveness, such claim is in procedural default, and will be dismissed.

**3.     Ineffective Assistance of Counsel**

A claim of ineffective assistance of counsel is a basis for habeas relief, and need not be raised on direct appeal to preserve the issue for collateral attack. *United States v. Withers*, 638 F.3d 1055, 1066 (9th Cir. 2011)(citing *Massaro v. United States*, 538 U.S. 500, 505 (2003)). Here, Barron has the burden of proving ineffective assistance of counsel, by showing (1) that counsel performed so deficiently as to fall below an objective standard of reasonableness; and (2) prejudice – that but for counsel's

**MEMORANDUM DECISION AND ORDER -**

deficiencies, the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-694 (1984). In evaluating counsel's performance, there is a strong presumption favoring a finding of effectiveness. *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986)(citation omitted). Regarding prejudice, the court considers "the totality of the evidence . . . and presume[s] that the judge or jury acted according to law." *Strickland*, 466 U.S. at 695.

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). The Ninth Circuit has said that conclusory allegations unsupported by specific statements of fact or references to the record "do not warrant habeas relief." *See Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir. 1995) (quoting *James v. Borg*, 24 F.3d 20, 25 (9th Cir. 1994)). Barron's claims here are conclusory at best.

### A.  Coercion Into Plea Agreement

According to Barron, the police and the prosecution were well aware that she was receiving financial assistance from John Donahue. (Reply, Dkt. 11 at 4). Mr. Donahue, Barron alleges, was threatened and intimidated by Special Agent Sotka, with the FBI; as a result, Mr. Donahue cut off his assistance, forcing Barron to rely on court-appointed counsel. Missing from Barron's argument is any link to her counsel's effectiveness, or other explanation how the alleged intimidation of Mr. Donahue by Agent Sotka[2]

---

[2] In an affidavit, Agent Sotka attests that he never threatened Mr. Donahue with arrest or jail, if he had contact with Barron. Sotka indicated that, on learning that Mr. Donahue made threatening statements about witnesses, Sotka told Mr. Donahue that he could be charged criminally for tampering with a witness or being part of the conspiracy. (Dkt. 6-1).

**MEMORANDUM DECISION AND ORDER -**

demonstrates deficiency in her counsel's performance. Barron fails to raise a valid argument that her counsel failed to perform to a reasonable standard of objectiveness.

When petitioner entered her guilty plea, she affirmed multiple times that her plea was knowing, voluntary, and of her own free will. (Plea Trans., Dkt. 80 in criminal case). Barron told the Court under oath that she understood the advice of counsel, had sufficient time to confer with counsel, and was satisfied in all respects with counsel's services. (Plea Trans. at 3-4). The Court inquired of Barron whether she was prepared to go forward with the plea, voluntarily, and Barron responded yes. (Plea Trans. at 18-19). There is simply no support in the record for Barron's current claims that she was coerced into her plea.

In light of the evidence before it, the Court will reject Barron's assertion that she was coerced into her plea of guilty, and also that the alleged coercion was somehow caused by, or otherwise attributable to, ineffective assistance of her counsel.

### B.   Unconstitutionality of Plea Agreement

Even more conclusory is Barron's assertion that her plea agreement was "unconstitutional." In support, Barron alleges that her rights under the First, Second, Third, Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendments were "trampled." (Mot., Dkt. 1 at 2). In her Reply, Barron states her intention to forego the majority of constitutional allegations originally submitted, and focus on violations of the Eighth and Thirteenth Amendments. (Reply, Dkt. 11 at 9-10). Apparently as clarification, Barron states that punishment of someone addicted to drugs is a violation of the Eighth Amendment, citing *Robinson v. California*, 370 U.S. 660 (1962). Also, Barron contends

**MEMORANDUM DECISION AND ORDER -**

that her plea agreement has deprived her of her right to be free from governmental intrusion, in violation of the Thirteenth Amendment, citing *Dred Scott v. Sanford*, 60 U.S. 393(1857).

Notwithstanding that Barron's reliance on these Supreme Court decisions is at best dubious,[3] Barron also fails – again – to connect the alleged deprivations of her constitutional rights to the performance of her counsel. Barron identifies no action or inaction by counsel in relation to the unconstitutionality of her plea agreement. Barron concludes – without more – that, had her attorney done his job, "the outcome of [her] case would have been remarkably different." (Reply, Dkt. 11 at 10-11). This bare allegation is insufficient to survive summary dismissal.

### C. Information Was Known At Time of Sentencing

In her plea agreement, Barron retained the right to file just one § 2255 motion, and only on grounds that she received ineffective assistance of counsel "based solely on information not known to [her] at the time the District Court imposed sentence and which, in the exercise of reasonable diligence, could not have been known by [Barron] at that time." (Plea Agreement, Dkt. 49 in criminal case). None of the allegations raised in her motion was unknown to Barron at the time her sentence was imposed. Having failed

---

[3] In *Robinson*, the court found that a state law making it illegal to be a drug addict was in violation of the Fourteenth Amendment. *Robinson*, 370 U.S. 660. Barron was not convicted of, nor did she plead guilty to, being a drug addict here; rather, she was convicted of, and pleaded guilty to, conspiracy to possess with intent to distribute methamphetamine. As to the well-known decision in *Dred Scott*, it is difficult to draw any correlation whatsoever, to Barron's case here; absent any coherent argument by petitioner, the Court will not endeavor to guess how she believes *Dred Scott* applies to an alleged deprivation of her rights here.

**MEMORANDUM DECISION AND ORDER -**

to state valid bases, or otherwise establish either element of her ineffective assistance of counsel argument, the Court will deny Barron's petition.

### 4. Motion for Transcripts

Following her sentencing, Barron requested transcripts, recordings, and minutes of her sentencing. (Mot., Dkt. 67 in criminal case). It is unclear whether Barron also intended to request a transcript of her plea hearing. For a defendant proceeding in forma pauperis to obtain a copy of a transcript without cost, a court must certify ". . . that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f); *United States v. MacCollom*, 426 U.S. 317 (1976).

Although Barron's plea challenges the effectiveness of counsel in relation to the voluntariness of her guilty plea, she does not attack any aspect of her sentencing hearing. Notably, the government requested a downward departure of three levels from the applicable guideline range for Barron's sentence, resulting in an advisory guideline range of 151 to 188 months in custody. (Mot. for Downward Departure, Dkt. 63 in criminal case). Despite the government's recommendation of 168 months, the Court sentenced Barron to 151 months in custody.

In her § 2255 motion, Barron has not raised, nor does the record appear to support any issue with respect to her sentencing hearing. There being no need for the transcript of her sentencing hearing to decide an issue on Barron's § 2255 Motion, her request for transcripts of that proceeding will be denied. The Court will, however, direct the Clerk of Court to provide Barron with a copy of the minutes from her sentencing hearing, Dkt. 64 in Criminal Case No. 2:09-cr-00263-EJL. Because the government has cited to the

**MEMORANDUM DECISION AND ORDER -**

transcript of Barron's plea hearing – also referenced by the Court herein – the Court will also direct the Clerk of Court to provide Barron with a copy of the transcript of the plea hearing, filed in this Civil Case No. 2:10-cv-00580-EJL at Dkt. 13.

## ORDER

IT IS ORDERED THAT:

1. Defendant's Motion to Vacate, Set Aside, or Correct Sentence (Dkt. 1) under § 2255 is DENIED, and this matter is DISMISSED in its ENTIRETY.

2. The Government's Motion to Dismiss the Petition (Dkt. 5) is GRANTED.

3. Defendant's Motion for Transcripts (Dkt. 67 in Case No. 2:09-cr-00263-EJL) is GRANTED in part, and DENIED in part. Defendant will not receive the transcript of her sentencing hearing. However, the Clerk of Court shall provide Defendant with copies of the Minutes from her sentencing hearing (Dkt. 64 in Case No. 2:09-cr-00263-EJL), as well as the transcript of Defendant's Plea Hearing (Dkt. 80 in Case No. 2:09-cr-00263-EJL).

DATED: **December 5, 2011**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM DECISION AND ORDER -